**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

---

LINCOLN FACTORING,

     Plaintiff,                        Case No.

v.

THE PRUDENTIAL INSURANCE
COMPANY OF AMERICA,

     Defendant.

---

**DEFENDANT THE PRUDENTIAL INSURANCE COMPANY OF AMERICA'S**
**NOTICE OF REMOVAL**

Defendant, The Prudential Insurance Company of America ("Prudential"), pursuant to 28 U.S.C. §§ 1441 and 1446, hereby removes this action to the United States District Court for the Northern District of Texas, Fort Worth Division, from the Justice of the Peace Court, Precinct No. 8, Tarrant County, Texas. The grounds for removal are as follows:

1.     On or about March 2, 2023, Plaintiff Lincoln Factoring ("Plaintiff") commenced an action in the Justice of the Peace Court, Precinct No. 8, Tarrant County, Texas (the "Tarrant County Court") captioned, *Lincoln Factoring v. The Prudential Insurance Company of America*, and bearing case number JP08-23-SC00011017 (the "Tarrant County Action"), by the filing of a Small Claims Petition (the "Original Petition"). The Original Petition did not include claims under the Employee Retirement Income Security Act of 1974 ("ERISA").

2.     On or about November 20, 2024, Plaintiff served Prudential with and submitted to the Tarrant County Court a "Trial Brief and Supplemental Petition" (the "Supplemental Petition"), which alleges claims under ERISA.

3.      This Court has original federal question jurisdiction over the Tarrant County Action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 1132(a)(2) of ERISA, which gives the District Court jurisdiction to hear civil actions relating to benefits due under the terms of an employee welfare benefit plan brought by, among other parties, a fiduciary, participant, or beneficiary. The group life insurance policy at issue in this action (the "Plan") is an employee welfare benefit plan governed by ERISA. This basis for jurisdiction is consistent with general federal question jurisdiction under 28 U.S.C. § 1331, which gives the District Court jurisdiction over actions arising under the laws of the United States. For the purpose of processing this claim, Prudential had a degree of discretionary authority consistent with the definition of fiduciary set forth in 29 U.S.C. § 1002(21)(A)(iii).

## THE PARTIES

4.      Plaintiff is corporation organized and existing under the laws of Texas, with its principal places of business in Texas.

5.      Prudential is a corporation organized and existing under the laws of New Jersey, with its principal places of business in New Jersey.

## THE TARRANT COUNTY ACTION

6.      On or about May 17, 2023, Prudential was served with a copy of the Original Petition, which alleged state law claims sounding in negligence in connection with an Irrevocable Assignment and Irrevocable Reassignment (the "Funeral Home Assignment"). Plaintiff sought damages in the amount of $8,242.53, representing the amount of the Funeral Home Assignment. The Original Petition did not include ERISA claims. *A copy of the Original Petition is attached hereto as **Exhibit A** in accordance with 28 U.S.C. § 1446(a)*.

7.      On or about October 17, 2023, Prudential was served with a copy of a "Trial Brief and Amended Petition" (the "Amended Petition"), which, in relevant part, alleged state law claims sounding in negligence and promissory estoppel in connection with the Funeral Home Assignment. Plaintiff sought damages in the amount of $8,242.53, representing the amount of the Funeral Home Assignment, plus attorneys' fees. The Amended Petition did not include ERISA claims. *A copy of the Amended Petition is attached hereto as **Exhibit B** in accordance with 28 U.S.C. § 1446(a).*

8.      On or about November 20, 2024, Prudential was served with the Supplemental Petition. The Supplemental Petition, in relevant part, alleges state law claims sounding in negligence and promissory estoppel and adds additional claims challenging Prudential's benefits determination under the Plan and alleges that Prudential breached its duties as an ERISA fiduciary. The Supplemental Petition demands payment of the full amount of the Plan death benefits at issue ($20,000.00) and the honoring of the Funeral Home Assignment. *A copy of the Supplemental Petition is attached hereto as **Exhibit C** in accordance with 28 U.S.C. § 1446(a).*

9.      Accordingly, this Notice of Removal, filed within the thirty-day period prescribed by 28 U.S.C. § 1446, is timely.

## THIS COURT'S REMOVAL JURISDICTION

10.      28 U.S.C. § 1441(a) and (c) and 28 U.S.C. § 1331 provide the basis for removal of civil actions involving federal question jurisdiction to this Court. Plaintiff, in its Supplemental Petition, challenges Prudential's benefits determination and alleges that Prudential breached its duties as an ERISA fiduciary and seeks to recover payment of all life insurance benefits under the Plan, which is employee welfare benefit plan governed by the federal law of ERISA.

11.    The Tarrant County Action involves Plaintiff's claims for distribution of ERISA-regulated plan benefits under Group Life Insurance Policy Number G-51556, which was issued by Prudential to T.D. Bank, N.A.

12.    ERISA preempts any state law claims alleged in Plaintiff's action and provides the exclusive administrative and federal remedies for resolution of claims relating to ERISA plans. *See* ERISA § 502 (a)(1)(B), 29 U.S.C. § 1132 (a)(1)(B); *see also Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41 (1987). A cause of action filed in state court which is preempted by ERISA and falls within the scope of Section 502 (a)(1) is removable to federal court under 28 U.S.C. § 1441(a) as an action arising under federal law. *See Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58 (1987). Therefore, this Court has original federal jurisdiction under 28 U.S.C. § 1331 and 29 U.S.C. § 1132(e).

### REQUIREMENTS OF 28 U.S.C. § 1446(A) & (B) ARE MET

13.    This Notice of Removal is filed in the United States District Court for the District and Division in which the Tarrant County Action was filed, pursuant to 28 U.S.C. § 1446(a).

14.    In accordance with 28 U.S.C. § 1446(a), a copy of the Petitions served on Prudential are attached hereto as ***Exhibit D***.

15.    The timing requirements of 28 U.S.C. § 1446(b) have been satisfied in that this Notice of Removal has been filed with this Court prior to the expiration of thirty (30) days following service of the Supplemental Petition. The time for filing this Notice of Removal has not expired under 28 U.S.C. § 1446(b).

16.    The United States District Court for the Northern District of Texas is the appropriate court to which this action should be removed because this district is the district embracing the Tarrant County Action, which was filed in the Tarrant County Court.

4

17.    A true and correct copy of this Notice of Removal is being served upon Plaintiff, through counsel, and as required by law under 28 U.S.C. § 1446(d).

18.    A true and correct copy of this Notice of Removal is also being filed promptly with the Tarrant County Court in accordance with 28 U.S.C. § 1446(d).

WHEREFORE, Prudential hereby removes this action, currently pending in the Justice of the Peace Court, Precinct No. 8, Tarrant County, Texas, to the United States District Court for the Northern District of Texas, Fort Worth Division.

Respectfully submitted,

/s/ Linda G. Moore
Linda G. Moore
State Bar No. 14359500
ESTES THORNE EWING & PAYNE PLLC
3811 Turtle Creek Blvd., Suite 2000
Dallas, Texas 75219
Telephone:  (214) 599-4000
Telecopier: (214) 599-4099
lmoore@estesthorne.com

D'ARCAMBAL OUSLEY &
CUYLER BURK LLP

/s/ Tiffany C. Millioen
Tiffany C. Millioen, Esq. *(Pro Hac Vice pending)*
40 Fulton Street, Suite 1501
New York, NY 10038
Phone: (212) 971-3175
Fax: (212) 971-3176
tmillioen@darcambal.com

*Counsel for Defendant*
*The Prudential Insurance Company of America*

## <u>CERTIFICATE OF SERVICE</u>

I certify that a true and correct copy of this notice of removal has been electronically filed through the Court's CM/ECF system on this 21ST day of November 2024 and served via email to Plaintiff's counsel as follows:

Michael G. Engfer, Esq.
6750 Locke Ave., 3rd Fl.
Ft. Worth, TX 76116

/s/ Linda G. Moore
Linda G. Moore